**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-6634

KELLY JAMES CLARK JR,

> Plaintiff – Appellant,

> v.

OFFICER GLENN TOMMY PAYNE; CORRECTIONAL OFFICER KEVIN CARL; CORRECTIONAL OFFICER COLBY MILLER,

> Defendant – Appellees,

> and

TOMMY PAYNE, Louisa Sheriff Department; LOUISA COUNTY SHERIFF DEPARTMENT; CORRECTIONAL OFFICER CARL; MR. MILLER, Correctional Officer; CENTRAL VIRGINIA REGIONAL JAIL; ASHLAND D. FORTUNE, Sheriff of Louisa County, Virginia,

> Defendants.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Thomas T. Cullen, District Judge.  (3:20-cv-00017-TTC-JCH)

Submitted:  November 29, 2022                    Decided:  August 1, 2023

Before HARRIS, RUSHING, HEYTENS, Circuit Judges.

Affirmed in part and vacated in part by unpublished per curiam opinion.

**ON BRIEF:** Susan J. Clouthier, CLOUTHIER LAW, PLLC, The Woodlands, Texas, for Appellant.    William W. Tunner, John P. O'Herron, Matthew T. Anderson, THOMPSONMCMULLAN, P.C., Richmond, Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelly James Clark, Jr. appeals from the district court's grant of summary judgment, alleging the district court erred in finding for the defendants in a suit brought under 42 U.S.C. § 1983. We have reviewed the record and see no reversible error in the district court's grant of summary judgment for defendant Glenn Payne. Accordingly, we affirm that portion of the district court's judgment.

In contrast, we conclude the district court erred in granting summary judgment for defendants Kevin Carl and Colby Miller. During his deposition, Clark testified that those officers led him to a separate room in the hospital where he was being treated and that Carl stepped on one of his tubes, dislodging the tube from his body and creating a need for serious medical intervention. Although this testimony differed in substantial respects from the allegations in Clark's complaint, the district court did not refuse to consider it on that ground. Instead, the district court's sole justification for granting summary judgment for Carl and Miller was that Clark "ha[d] not provided a single piece of other objective evidence corroborating this story" and "other evidence in the record"—specifically, Clark's medical records—"demonstrate[] that this event never occurred." JA 883.

That was error. True, the only evidence in the record supporting this account is Clark's testimony. But a party's own deposition is sufficient to create a genuine issue of material fact, and there is no requirement that plaintiffs provide "other objective evidence corroborating" their own personal accounts. JA 883; see *Gray v. Spillman*, 925 F.2d 90, 95 (4th Cir. 1991) (concluding plaintiff's "own deposition testimony puts into issue whether the police officers in fact beat him"). Nor is this a situation in which Clark's account is so

3

"blatantly contradicted" and rendered a "visible fiction" by evidence of "undisputed authenticity" like a videotape that "no reasonable jury could believe it." *Harris v. Pittman*, 927 F.3d 266, 275–76 (4th Cir. 2019) (quotation marks omitted). Indeed, this Court has emphasized that resort to such an approach "is the exception, not the rule" and that courts must be careful not to "abrogate the proper summary judgment analysis, which in qualified immunity cases usually means adopting . . . the plaintiff's version of the facts." *Id.* at 276 (quotation marks omitted). Because assessing the believability of Clark's testimony requires a credibility determination that may not be made as a matter of law, see *Gray*, 925 F.2d at 95, the district court erred in granting summary judgment to Carl and Miller on that basis.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART & VACATED IN PART*

---

[*] Concluding such an amendment would be futile, the district court also denied Clark's motion to amend the complaint to conform to his deposition testimony. JA 883–84. Because Clark did not appeal that ruling, it is not directly before us. Instead, our holding is confined to the reasons given by the district court for granting the motion for summary judgment.